CORNELIUS FERGUSON, Respondent, *v.* P. SANFORD ROSS et al., Appellants.

While by the compact made in 1833 between the states of New York and New Jersey, the middle of the North river is declared to be the boundary between the two states, yet as by it (Art. 3), exclusive jurisdiction of and over all the waters of the bay of New York and of the Hudson river within certain limits, is given to the state of New York, that state has jurisdiction to pass a law subjecting persons to liability for certain acts done in the waters embraced in those limits, although within the boundaries of New Jersey, as so fixed.

Where, therefore, in an action to recover a penalty for an alleged violation of the statutory provision (§ 8, chap. 414, Laws of 1885, amending chap. 604, Laws of 1875), prohibiting the deposit of any material dredged or excavated from a slip, basin or other place in the North or East rivers, or in the bay of New York, "within the jurisdiction of the state of New York," it appeared that defendants discharged into the waters of the North river, at a point about one-fourth of a mile from the New Jersey shore and within the limits specified in the compact, dredgings from a slip, *held*, that the state of New York had jurisdiction to enact the provision; and that defendants were liable to the penalty prescribed for its violation.

It was claimed that the original act of 1875, to which said provision was added as an amendment by the act of 1885, was a local bill, and that the added section was another local provision, covering a different subject from the one embraced in the original act, and so was violative of the constitutional provision (State Const. § 16, art. 3), declaring that a private or local bill shall embrace but one subject, which must be expressed in the title. *Held*, untenable; that the added section was a general and not a local law, and so not included in the constitutional prohibition.

A general provision inserted in an act containing local provisions is valid, whether the subject is expressed in the title or not, as general acts require an enacting clause only.

*It seems*, that acts constituting or defining the jurisdiction of local courts, amending charters of municipal corporations, regulating the appointment and election of local officers in a particular city, providing for the laying out of streets or highways or the construction of bridges in a specified locality, and for local taxation to pay the expense of the work, regulating the fees of officers in a particular county or the expenses of judicial sales therein, although public acts, are, nevertheless, local and, to be valid, under said constitutional prohibition, the subject must be expressed in the title.

*It seems*, however, that an act embracing within its scope all the cities of the state or all things of a certain class, is a general and not a local act,

although by reason of some limitation based on population or other condition, only a particular city or the inhabitants of a single locality can in the actual situation receive its benefits.

*It seems,* also, the fact that an act operates only upon a limited area or upon persons within a specified locality, and not generally throughout the state is, in most cases, a reasonably accurate test by which to determine whether it is general or local, but is not decisive.

A law having for its object the protection of navigation in the harbor of New York is a general and not a local act, and although limited territorially, the subject is both public and general.

(Argued April 16, 1891; decided June 2, 1891.)

APPEAL from the judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action brought to recover a penalty under the provisions of chapter 604 of the Laws of 1875, as amended by chapter 414 of the Laws of 1885 and chapter 630 of the Laws of 1886, which was entitled as follows: "An act to prevent the deposit of carrion, offal or dead animals in the North and East rivers or in the bay of New York or Raritan bay, within the jurisdiction of the state of New York.'

The facts, so far as material, are stated in the opinion.

*R. D. Benedict* for appellant. Chapter 604 of the Laws of 1875 is a local bill, not a general one. (70 N. Y. 328 ; 42 id. 419 ; 74 id. 102 ; *Huber* v. *People,* 49 id. 135 ; *Gaskin* v. *Meek,* 42 id. 186 ; *People* v. *O'Brien,* 38 id. 93 ; *People* v. *Allen,* 42 id. 383 ; *People* v. *Hills,* 35 id. 451 ; *Kerrigan* v. *Force,* 68 id. 383 ; *Rogers* v. *Stevens,* 86 id. 624 ; *In re Church,* 92 id. 5 ; *People* v. *McCann,* 16 id. 58 ; *People* v. *Dudley,* 58 id. 332 ; *Wenzler* v. *People,* Id. 525.) The bill, being a local one, is contrary to this provision of the Constitution, as it is now amended, because it now contains two subjects (1) the protection of health, and (2) the protection of navigation, and the latter is not specified in the title. (72 N. Y. 527 ; *Astor* v. *A R. R. Co.,* 113 id. 93 ; *In re Paul,* 94 id. 505 ; *Van*

*Antwerp Case*, 56 id. 267.)    The attempt to amend the title
to the act is fruitless, because the sections amending the title
are subject to the same defect.    (*Jones* v. *Sheldon*, 50 N. Y.
479.)    There is still another objection to a recovery in this case.
There is no offense specified under the statute as it now reads.
(Laws of 1886, chap. 593, § 2 ; Laws of 1885, chap. 414.)
The statute, as far as it relates to the deposit of substances which
do not float, but become part of the soil, is of no force outside
of the territorial limits of the state of New Yoak.    And as the
deposit in this case was outside of those limits, it was beyond
the lawful reach of the statute.    (*People* v. *N. J. C. R. R. Co.*,
42 N. Y. 283 ; 25 Stat. at Large, 219.)

*James C. Church* for respondent.    The original law of 1875
and the various amendments thereto, are not local, but general
acts, and consequently are constitutional.    (*Nat. Bank of Lyons*
v. *Seneca Falls*, 15 Fed. Rep. 831 ; Sedgwick on Stat. Const.
529 ; *People* v. *Stevens*, 2 Abb. [N. S.] 351 ; *People* v.
*McCann*, 16 N. Y. 61 ; *Healy* v. *Dudley*, 5 Lans. 120 ;
*Williams* v. *People*, 24 N. Y. 405 ; *People* v. *O'Brien*, 38 id.
184 ; *People* v. *Bd. Suprs.*, 43 id. 21 ; *People* v. *N. P. Road*,
86 id. 7 ; *Burnham* v. *Acton*, 7 Robt. 396 ; *State* v. *Shields*,
4 Mo. App. 266 ; *State* v. *Lean*, 9 Wis. 279 ; *Lestro* v. *State*,
3 Tex. App. 363.)    Assuming, for the sake of argument, that
the law is local, it does not conflict with the constitutional pro-
vision, as it contains but one subject, which is fully expressed
in its title.    (*People* v. *Briggs*, 50 N. Y. 558 ; *In re Mayer*,
Id. 506 ; *People* v. *Comrs., etc.*, 47 id. 505 ; *People* v. *Lawrence*,
41 id. 123 ; *In re L. & W. O. House*, 92 id. 120 ; *Kerrigan* v.
*Force*, 68 id. 383 ; *People* v. *Livingston*, 79 id. 279 ; *Wenzer*
v. *People*, 58 id. 525.)    The claim that because the dumping
took place within a half mile of the Jersey shore that, there-
fore, this state has no jurisdiction is untenable.    (*People* v. *N.
J. C. R. R. Co.*, 42 N. Y. 283.)    The repeal of section 1 of
the act does not invalidate the portion of the act which pre-
scribes the penalty sued for in this action.    (*People* v. *Platt*,
117 N. Y. 159.)

ANDREWS, J.   The statement of a few. facts will be sufficient to present the questions on this appeal.

In 1875 an act of the legislature was passed (Chap. 604), entitled " An act to prevent the deposit of carrion, offal or dead animals in the North or East rivers or in the bay of New York or Raritan bay, within the jurisdiction of the state of New York."   The act, among other things, provided for the appointment by the governor of a shore inspector, to report and prevent violations of the act, who was to be paid a salary by the state comptroller, to be raised by taxation on the counties of New York, Kings, Queens, Westchester and Richmond.   The act was amended by chapter 414 of the Laws of 1885, by adding a new section (§ 8), which extended the prohibitions in the original act and made it unlawful to deposit or allow to be discharged into the waters mentioned in the first section of the act of 1875, any material dredged or excavated from any slip, basin, shoal or other place, unless deposited above high-water mark or behind a bulk-head for filling in, and provided a penalty for the violation of this section. In 1886 (Chap. .630), the original act was further amended, as was also section eight of the act of 1885, but in· a particular not material to the present inquiry.

This action was brought by the shore inspector, under the provisions of the statute, against the defendant to recover a penalty for depositing dredgings from a slip in the city of New York into the waters of the North river, contrary to the eighth section of the act of 1886.   It is not controverted on this appeal that in December, 1887, the defendants discharged into the waters of the river opposite the city of New York, on the New Jersey side, at a point about one-fourth of a mile from the New Jersey shore, a scow-load of material dredged from a slip in the city of New York, in violation of the act.   It is insisted, however, in the first place, that the deposit having been made within the territorial limits of New Jersey, the state of New York has no jurisdiction to enact a law subjecting persons to liability for any act done within the territory of that state.   The case of *People* v. *Central Railroad*

*of New Jersey* (42 N. Y. 283) furnishes a satisfactory answer to this objection. By the compact entered into between New York and New Jersey, in 1833, the particulars of which are set forth in the opinion in that case, the middle of the North river was declared to be the boundary between the two states; but by the third article exclusive jurisdiction of and over all the waters of the bay of New York and of the Hudson river lying west of Manhattan island and to the south of Spuyten Duyvil creek, and of and over the lands covered by said waters to low-water mark on the New Jersey side thereof, was ceded to the state of New York, reserving to the state of New Jersey jurisdiction of wharves, docks and piers on the Jersey shore. The purpose of vesting exclusive jurisdiction over these waters, in the state of New York, was to promote the interests of commerce and navigation, which would, as supposed, be best subserved by giving to this state the exclusive control and regulation of the waters of the bay and harbor of New York.

The only remaining question is as to the constitutionality of section 8 of the act of 1886, which is assailed as a violation of section 3, article 16, of the Constitution of this state. It is contended that the act of 1875 was a local bill, and that section 8 of the act of 1886 was an enactment of another local provision, covering a different subject from that embraced in the original act, and also that the subject of the new section was not expressed in the title of the act of 1875, or of the amended act of 1886. The trial judge entertained some doubt whether the act of 1875, as originally enacted, was a local act. But as we are of opinion that section 8 of the act of 1886 was a general and not a local law, the examination of the other question is unnecessary, for it is well settled that a general provision inserted in an act containing local provisions is valid, whether the subject is expressed in the title or not, as general acts require an enacting clause only. (Const. art. 3, § 14; *People* v. *McCann*, 16 N. Y. 58; *Williams* v. *People*, 24 id. 405.)

The courts have, in some cases, found great difficulty in

determining the application of article 3, section 16 of the Constitution. It seems impossible to fix any definite rule by which to solve the question whether a law is local or general, and it has been found expedient to leave the matter to a considerable extent open, to be determined upon the special circumstances of each case. There are, however, certain general principles to be deduced from the decisions. One of these is that a statute may be public and still local and, therefore, within the purview of this provision of the Constitution. In accordance with this view it has been held that acts constituting or defining the jurisdiction of local courts, amending charters of municipal corporations, regulating the appointment and election of local officers in a particular city, providing for the laying out of streets or highways or the construction of bridges in a specified locality, and for local taxation to pay the expense of the work, regulating the fees of officers in a particular county or the expenses of judical sales therein, although public acts, are nevertheless local and to be valid the subject of the enactment must be expressed in the title. (*People* v. *O'Brien*, 38 N. Y. 193 ; *People* v. *Supervisors of Chautauqua*, 43 id. 10 ; *Gaskin* v. *Meek*, 42 id. 186 ; *Huber* v. *People*, 49 id. 132 ; *Kerrigan* v. *Force*, 68 id. 383 ; *People ex rel.* v. *Livingston*, 79 id. 279 ; *People ex rel. City of Rochester* v. *Briggs*, 50 id. 553 ; *In re Sackett Street*, 74 id. 103 ; *Tifft* v. *City of Buffalo*, 82 id. 211.) Another rule evolved by the discussion of the subject is that an act embracing within its scope all the cities of the state, or all things of a certain class, is a general and not a local act, although by reason of some limitation, based on population or other condition, only a particular city or the inhabitants of a single locality can in the actual situation receive its benefits. (*In re N. Y. Elevated R. R.*, 70 N. Y., 328 ; *In re Church*, 95 id. 2.) The fact that an act operates only upon a limited area or upon persons within a specified locality and not generally throughout the state is, in most cases, a reasonably accurate test by which to determine whether the act is general or local. But it is not decisive in all cases. The entire state may be

interested in the enactment and execution of a law operating territorially upon a particular section of the state only. In some general sense all the people are or may be interested in laws of a public character although local, as for example in the administration of justice in the city of New York, the construction and reparation of streets and highways in whatever locality they may be. This is not, however, such a direct interest as makes laws providing for local courts in a specified locality, or for the construction of a bridge, general.

But are laws regulating quarantine in the port of New York, or the landing of emigrants therein, local in the same sense as laws relating to city courts or to a particular highway or street? The 8th section of the act of 1886 was manifestly enacted for the protection of the harbor of New York in the interest of commerce and navigation. The citizens of New York city may possibly have a greater stake in the matter than citizens in other localities, but the destruction or serious impairment of the harbor of New York would directly affect the prosperity of the state. It would impair its revenues, imperil its system of river, canal and railroad transportation, and it is not too much to say that every industrial interest, agricultural or mechanical, would feel its blighting influence. A law having for its object the protection of the navigation in the harbor of New York is, we think, general and not local. The act is limited territorially, but the subject is both public and general.

The judgment should be affirmed.

All concur.

Judgment affirmed.