JOHN J. TREANOR and Others, as Commissioners, etc., Plaintiffs, *v.* CHARLES F. EICHHORN, Defendant.

*A statute, limited by population only, is a general and not a local act.* .

An act embracing all things of a certain class is a general and not a local act, although, by reason of a limitation based on population, only a single locality can receive its benefits.

Chapter 493 of the Laws of 1892, entitled, "An act to provide for the construction of highways and bridges upon highways running through two cr more towns of the same county," is not in conflict with section 18 of article 3 of the Constitution of the State of New York.

SUBMISSION of a controversy on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

Charles F. Eichhorn made a bid, which was accepted, for five bonds issued by the town of Greenburgh under the provisions of chapter 493 of the Laws of 1892. He refused to complete his purchase on the ground that chapter 493 of the Laws of 1892, "An act to provide for the construction of highways and bridges upon highways running through two or more towns of the same county," was unconstitutional, in that it violated one of the subdivisions of section 18 of article 3 of the Constitution of the State of New York.

*Joseph F. Daly,* for the plaintiffs.

*William A. Jaycox,* for the defendant.

BARNARD, P. J.:

Chapter 493 of the Laws of 1892 is not a local or private act. It is, by its terms, made applicable to the entire State where the conditions exist. The procedure to lay out roads partly in one town and partly in another, was an inconvenient and uncertain method. The commissioners of highways of each town laid out the part in the town to meet a road actually laid out through the adjoining town, or proposed to be laid out therein. There were separate appeals from each order, with a possible conflict in the result of the separate appeals. The limitation of the act to counties where there is an adjoining city of 1,000,000 of inhabitants or over, does not make the act, otherwise general, a local act. It still applies to the whole State where any county in it adjoins so large a city. (*People ex rel. N. Y. Electric Lines Co.* v. *Squire,* 107 N. Y. 593.)

An act embracing all things of a certain class is a general and not a local act, although by reason of a limitation based on population, only a single locality can receive its benefits. (*Ferguson* v. *Ross,* 126 N. Y. 459; *Matter of N. Y. Elevated R. R. Co.,* 70 id. 328.)

Under these cases the act in question does not conflict with section 18 of article 3 of the Constitution of the State which prohibits the passage of a local act laying out roads.

Judgment should, therefore, be given for the plaintiffs upon the submitted case.

DYKMAN, J., concurred.

Judgment for plaintiffs upon submitted case.