THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER NECHAM-CUS, Appellant, *v.* THE WARDEN OF THE CITY PRISON OF THE CITY OF NEW YORK, Respondent.

*Plumber's license — imperfect statutory restrictions — oppressively administered — its constitutionality — habeas corpus, denial of the allegations of the petition for the writ — chapter 602 of 1892, as amended by chapter 66 of 1893.*

The fact that the statute relating to the licensing of plumbers who employ other plumbers, does not apply to the plumbers who are employed, or require any evidence of their qualifications, and is not, therefore, as restrictive as it might well have been made, does not render it unconstitutional or open to objection on the ground of public policy, provided the restriction which is imposed thereby is reasonable and is likely to promote the welfare of the public.

Chapter 602 of the Laws of 1892, as amended by chapter 66 of the Laws of 1893, relates to all the cities of the State of New York, is not a local act and is constitutional. Its sole effect is to prohibit plumbers from becoming the employers of plumbers without obtaining a certificate that they are skilled in the act of plumbing.

The failure to deny the general or specific allegations contained in a petition for a writ of habeas corpus can have no effect in determining, upon the hearing, the constitutionality of a statute of the State.

The fact that a statute has been oppressively or corruptly administered, so that results have been produced violative of the spirit of the Constitution, is no reason for holding the act to be unconstitutional.

APPEAL by the relator, Peter Nechamcus, from an order of the Supreme Court, made at the New York Special Term on the 25th day of June, 1894, and entered in the office of the clerk of the county of New York, dismissing the relator's writ of habeas corpus, and remanding him to the custody of the warden of the city prison.

*Roger Foster*, for the appellant.

*John D. Lindsay*, for the respondent.

FOLLETT, J. :

The relator has been a resident of the city of New York for ten years past, and during the five years immediately preceding his arrest he transacted business in said city as a master plumber, and for the preceding five years he was employed thereat as a journeyman plumber.

On the 24th of June, 1894, he was arrested upon a warrant issued by a police justice of the city of New York for transacting business as a master plumber in that city without having obtained a certificate authorizing him to engage in that business, as required by chapter 602 of the Laws of 1892. The relator concedes that he was engaged in the business of a master plumber without having been examined and found qualified to engage in such business, and without having a certificate authorizing him to conduct such business, as provided by said act. He insists that his imprisonment is illegal, because the act under which he is imprisoned is violative of the first section of article 14 of the Constitution of the United States, which provides: " No State shall make or enforce any law which

436  PEOPLE ex rel. NECHAMCUS v. THE WARDEN.

First Department, November Term, 1894.  [Vol. 81.

shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." And because the statute is violative of the sixth section of the first article of the Constitution of this State, which provides that no person shall " be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation."

By chapter 602, Laws of 1892, an " examining board of plumbers" is created in the cities of New York, Brooklyn and Albany, and an "examining and supervising board of plumbers and plumbing" in all other cities of the State. By the fourth section of the act the powers and the duties of such boards are defined:

"§ 4. The several boards of examiners constituted under this act shall have power, and it shall be their duty:

" 1. *Meetings.*— To meet at stated intervals in their respective cities; they shall also meet whenever the board of health of such city or the mayor thereof shall, in writing, request them so to do.

" 2. *Examinations.*—To have jurisdiction over and to examine all persons desirous or intending to engage in the trade, business or calling of plumbing as employing plumbers in the city in which such board shall be appointed, with the power of examining all persons applying for certificates of competency as such employing or master plumbers or as inspectors of plumbing, to determine their fitness and qualifications for conducting the business of master plumbers or to act as inspectors of plumbing, and to issue certificates of competency to all such persons who shall have submitted to and passed a satisfactory examination before such board, and shall be by it determined to be qualified for conducting the business as employing or master plumbers or competent to act as inspectors of plumbing.

" 3. *Plumbing Code.*— To formulate, in conjunction with the local board of health of the city in which it shall act, except in New York, Brooklyn and Albany, a code of rules regulating the work of plumbing and drainage in such city, including the materials, workmanship and manner of executing such work, and from time to time to add to, amend or alter the same.

" 4. *Fees.*— To charge and collect from each person applying for

PEOPLE ex rel. NECHAMCUS v. THE WARDEN. 437

Hun.]                FIRST DEPARTMENT, NOVEMBER TERM, 1894.

examination the sum of five dollars for each examination made by said board, and all moneys so collected shall be paid over by the board monthly to the chamberlain or treasurer of such city in which said board shall be appointed."

The following are the provisions of the fifth and sixth sections of the act, as amended by chapter 66 of the Laws of 1893:

" § 5. Any person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing, in any of the cities of this State as employing or master plumber, shall be required to submit to an examination before such board of examiners as to his experience and qualifications in such trade, business or calling; and after the first day of September, eighteen hundred and ninety-three, it shall not be lawful in any city of this State for any person to conduct such trade, business or calling, unless he shall have first obtained a certificate of competency from such board of the city in which he conducts or proposes to conduct such business.

" § 6. On and before the first day of September, eighteen hundred and ninety-three, every employing or master plumber carrying on his trade, business or calling in any of the cities of this State, shall register his name and address at the office of the board of health of the city in which he shall conduct such business under such rules and regulations as the respective boards of health of each of the cities of this State shall respectively prescribe, and thereupon he shall be entitled to receive a certificate of such registration, provided, however, that such employing or master plumber shall, at the time of applying for registration, hold a certificate of competency from an examining board.  *  *  *  And after the first day of September, eighteen hundred and ninety-three, it shall not be lawful for any person to engage in or carry on the trade, business or calling of an employing or master plumber in any of the cities of this State, unless his name and address shall have been registered as above provided."

To protect the health of persons inhabiting or frequenting cities, it is necessary to provide for the construction and maintenance of proper systems of drainage. This is a truth universally recognized by all enlightened communities, and it is applied with greater or less success in all cities inhabited by civilized people. Drainage systems cannot be constructed, maintained and operated unless

authorized by statute and controlled by instrumentalities created by law. Laws requiring the drainage of cities and of public and private buildings therein are found in the statutes of all civilized states, by which statutes the principles of sanitary science are sought to be applied to the subject, and the observance of sanitary rules by the citizens, compelled. The constitutionality of such statutes, if their requirements are reasonable, is not open to question. But it is urged that the statute under consideration goes further in restraint of the liberty of individual action than is necessary, or than is justified by the Constitution. The statute makes no distinction of race, color, creed or faith, but it is applicable alike to all citizens. Experience has shown that persons having no, or insufficient, knowledge of the principles of sanitary science, and who are without practical experience in their application to the plumbing of buildings and connecting them with sewers, cannot be intrusted to supervise or carry on such work with safety to the health of the occupants of the buildings. The evident object sought to be attained by the statute under consideration is, by instrumentalities created, to ascertain who may safely be intrusted to do the work. The statute does not prevent any person from working as a plumber, either as an apprentice or as a journeyman, when or where or for whom he will, but it simply prohibits a person from engaging in the business of " master plumber," which term is defined in the statute as denoting a plumber who employs other plumbers, unless the employing plumber first obtains a certificate of his competency from the examining board created by the statute. The sole effect of the statute is to prohibit plumbers from becoming the employers of plumbers without obtaining a certificate that they are skilled in the art of plumbing. It is urged that the statute does not protect the public health, because it fails to prohibit unqualified persons from working as plumbers for any one who may employ them. It is true that generally the statutes of this State, designed to promote the public health, are more restrictive in their scope than the one under consideration. For example, the statutes regulating the practice of dentistry and of pharmacy prohibit unlicensed persons from engaging in either profession on their own account, but permit such persons to be employed by others who are licensed as dentists or as pharmaceutists. The fact that the statute under which this case

arises is not as restrictive as it might well have been, does not render it unconstitutional, or open to objection, on the grounds of public policy, provided the restriction imposed is reasonable and is likely to promote the welfare of the public.

The plumbing of buildings is so generally done by persons who have employees and who furnish materials, that, practically, the business is confined to them, and this statute prohibiting persons from engaging in the business of employing other plumbers without a license, in effect, provides that all plumbing shall be done by, or under the supervision or control of, a competent plumber, which seems to us to be a reasonable provision, and we are unable to see how it tends in any way to create a monopoly, for every person possessing the necessary qualifications may obtain a license and engage in the business.

It is alleged in the petition for the writ, and is not denied by the return, that: " The said examining board of plumbers in this city and county, which has been appointed in pursuance of the provisions of said bill, has refused to grant certificates of competency to many competent plumbers who have passed satisfactory examinations. The said board has, in granting such certificates of competency, made discriminations against race and religion, and has refused to grant certificates of competency to any Hebrew engaged in the trade as a master or employing plumber in this State, unless he shall have joined a certain trade union by the name of the Master Plumbers' Association, which exists in this city, and which existed previously to the passage of said bill, of which your petitioner is not a member. The said board of examining plumbers has refused to grant certificates of competency to any persons not members of said Master Plumbers' Association, unless said persons first obtain recommendations from some person of political influence."

A less general allegation, that the statute has been oppressively executed, would have been more convincing; for example, an allegation that the relator, being a qualified and experienced plumber, on a date mentioned, had applied to the board to be examined; that an examination had been refused, or that after an examination a license had been refused on insufficient grounds. However, the undenied general allegation contained in the petition, or an unde-

nied specific allegation, could have no effect in determining the constitutionality of the statute in question.    The fact that a statute has been oppressively or corruptly administered, so that results have been produced violative of the spirit of the Constitution, is no reason for holding the act to be unconstitutional.   If the court had before it a particular result violative of the Constitution or of its spirit, effected by the maladministration of the statute, a remedy could easily be applied without nullifying the statute.   If the officers who have been appointed to administer the statute have corruptly or willfully administered it in the manner alleged, there is ample power in this court to redress the wrong of any individual, and, in the criminal courts, to punish the officers who have violated their duty.

It is urged that the act violates the sixteenth section of the third article of the Constitution of this State, which provides :

"§ 16. No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

This statute relates to all of the cities of this State, and it is not a local one.   (*Ferguson* v. *Ross*, 126 N. Y. 459 ; *Matter of Church*, 92 id. 1.)

The order should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with costs.