Frederick **ASHMORE**, David Boya, William Simone, and Richard Simeone, Plaintiffs,

v.

**NORTHEAST PETROLEUM DIVISION OF CARGILL, INC., Northeast Petroleum Corporation of Maine, Northeast Petroleum Corporation of Cape Cod, d/b/a Northeast Petroleum, and Cargill, Inc., Defendants.**

Civ. No. 93–199–P–C.

United States District Court, D. Maine.

June 21, 1994.

Daniel W. Bates and Kenneth D. Keating, Petruccelli & Martin, Portland, ME, for plaintiffs.

Charles S. Einsiedler, Jr., John J. O'Leary Jr., Pierce, Atwood, Scribner, Allen Smith & Lancaster, Peter J. DeTroy, III, Norman, Hanson & DeTroy, Portland, ME, and Chriss B. Wetherington, Bernhardt K. Wruble, and William R. Sherman, Verner, Liipefer, Bernard, McPherson & Hand, Washington, DC, for defendants.

*ORDER DENYING DEFENDANT CARGILL'S MOTION TO CERTIFY THIS COURT'S ORDER OF JANUARY 19, 1994, FOR INTERLOCUTORY APPEAL*

GENE CARTER, Chief Judge.

In an Order dated January 19, 1994 (Docket No. 16), this Court denied Defendants' Motion to Dismiss Count I of the Complaint (Docket No. 1) which alleges retaliatory discharge of employees for their refusal to coop-erate in a violation of the Robinson–Patman Antidiscrimination Act of 1936.[1] 15 U.S.C. §§ 13, 13a, and 22. In so doing, the Court concluded that an employee subjected to retaliatory discharge for such refusal has standing under section 4 of the Clayton Act. 15 U.S.C. § 15. Defendant Cargill has filed a motion (Docket No. 27) seeking certification of this order for interlocutory appeal, and, for the reasons stated below, this Court will deny the motion.

■ Pursuant to section 1292(b) of Title 28 of the United States Code, a district court may certify an order for appeal when the judge:

> shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). In support of this motion, Cargill argues that the question of standing under the Clayton Act is (1) a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) that immediate appeal will materially advance the termination of this litigation. Plaintiffs, on the other hand, argue that the question is not "controlling" in the context of the litigation at hand and that resolution of the issue will not materially advance the termination of this litigation.

There is no doubt that there are grounds for disagreement over the issue decided by the order which Cargill seeks to appeal. The circuits are divided over whether employees in various specific circumstances who are subjected to retaliatory discharge for refusal to cooperate in an antitrust violation have standing to sue for treble damages under the Clayton Act. *See Ashmore v. Northeast Petroleum Division of Cargill, Inc.,* 843 F.Supp. 759, 763 (D.Me.1994) (discussing division among federal circuit courts).

It is clear, however, that the two remaining factors require this Court to deny Cargill's motion because, in this particular litiga-

---

**1.** The Court also denied Defendants' Motion to Dismiss three of the four state-law claims of Plaintiff Ashmore on choice-of-law-grounds and Defendants' Motion to Dismiss the promissory estoppel claims of all Plaintiffs.

tion, the question of standing under section 4, is not controlling, and immediate appeal will not materially advance this litigation. Such is the case even under the broadest construct of the notion of a "controlling question of law." Under this broad construct courts have found that an issue of law "is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants."[2] 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3930 at 159–60 n. 12 (1977 and 1994 supplement). Here, an interlocutory appeal would cause a delay of at least several months in the pretrial development of this case and, even if the issue of standing under the Clayton Act were resolved in Cargill's favor, no factual issue or litigant would be removed from the case. Whether Plaintiffs have standing under the Clayton Act or not, they must nevertheless prove that they were discharged for refusal to cooperate in a violation of the Robinson–Patman Act in order to prevail on their state-law claims.

█ Cargill argues, nevertheless, that appeal of this Court's ruling on the standing issue under the Clayton Act will materially advance litigation because the treble damages claim renders settlement unlikely. In support of the argument that the likelihood of settlement is sufficient to justify certification under 1292(b), Cargill cites *Collins v. Promark Products, Inc.*, 763 F.Supp. 1206, 1208 (S.D.N.Y.1991), *aff'd and remanded,* 956 F.2d 383 (2d Cir.1992). That case is clearly inapposite. The issue in *Collins* was whether a third party could sue an employer for contribution above and beyond worker's compensation benefits. There was no question that the plaintiff in *Collins* was injured and entitled to recovery; the only issue was whether a third party could seek contribution from an employer. In certifying the question in *Collins*, the district court noted that the litigation was of the type "which usually

settles *as soon as* the parameters of legal liability are established." *Id.*

Here, there is nothing to indicate that the parties will settle "as soon as" the issue of treble damages is resolved. It is the Court's understanding that Cargill denies liability under both the federal antitrust laws and the state-law theories. Although settlement may be somewhat more probable over time, if the question of treble damages were appealed, this Court does not read *Collins* to suggest that any increased probability of settlement justifies certification.[3] No other case is cited by Cargill in support of its argument that the increased likelihood of settlement in this case justifies certification. Because this Court is of the opinion that discovery, trial preparation, and litigation will progress in substantially the same manner whether or not the question of standing under section 4 is certified, the Court concludes that certification under section 1292(b) would not materially advance the termination of this litigation.

Accordingly, it is *ORDERED* that Defendant Cargill's Motion to Certify this Court's January 19, 1994, Order for Interlocutory Appeal be, and it is hereby, *DENIED*.

---

**2.** It should be noted that the Court of Appeals for the First Circuit has not been liberal in interpreting the requirement that a certified question under 1292(b) be "controlling." *See McGillicuddy v. Clements*, 746 F.2d 76 n. 1 (1st Cir.1984) (appeal not normally allowed from denial of motion to dismiss). *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1010 n. 1

(1st Cir.1988) (in this circuit "interlocutory certification of this sort 'should be used only sparingly and only in exceptional circumstances....' ").

**3.** Resolution of nearly any disputed issue of law will to a greater or lesser extent, make settlement more probable.