EDWARD A. STAPLETON et al., Respondents, v. ELIZABETH F. PINCKNEY, as Commissioner of Jurors of the County of Albany, Appellant, and NATHANIEL L. GOLDSTEIN, as Attorney-General of the State of New York, Intervener, Defendant-Appellant.

Argued June 12, 1944; decided July 19, 1944.

*Walter L. Collins, County Attorney (Frank Pedlow* of counsel), for Elizabeth F. Pinckney, as Commissioner of Jurors of the County of Albany, defendant-appellant. I. Chapter 206 of the Laws of 1944 is a general law in terms and effect applying alike to a specified class of counties throughout the entire State and not in conflict with section 17 of article III of the Constitution. (*City of New York* v. *Fifth Avenue Coach Co.,* 237 App. Div. 383; *Matter of Church,* 92 N. Y. 1; *Matter of McAneny* v. *Bd of Estimate, etc.,* 232 N. Y. 377; *Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377; *Matter of N. Y. Elevated R. R. Co.,* 70 N. Y. 327; *People ex rel. N. Y. Elec. Lines Co.* v. *Squire,* 107 N. Y. 593; *Ferguson* v. *Ross et al.,* 126 N. Y. 459; *People* v. *Dunn,* 157 N. Y. 528.) II. This Act is of general statewide effect within the class specified and an enactment within the power of the Legislature, not prohibited by the Constitution. (*Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 397; *Atkins* v. *Hertz Drivurself Stations, Inc.,* 237 App. Div. 31; *El Paso & N. E. Ry.* v. *Gutierrez,* 215 U. S. 87; *Matter of N. Y. Elevated R. R. Co.,* 70 N. Y. 327; *N. Y. C. & H. R. R. R. Co.* v. *Williams,* 199 N. Y. 108; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *People* v. *Crane,* 214 N. Y. 154.)

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Orrin G. Judd* and *John R. Davison* of counsel), intervener, defendant-appellant. I. The present statute does not violate

the restriction imposed by article III, section 17 of the Constitution. (*Mahnich* v. *Southern S. S. Co.*, 321 U. S. 96; *Matter of N. Y. Elevated R. R. Co.*, 70 N. Y. 327; *Matter of Church*, 92 N. Y. 1; *Ferguson* v. *Ross et al.*, 126 N. Y. 459; *Matter of Henneberger*, 155 N. Y. 420; *People* v. *Dunn*, 157 N. Y. 528; *Matter of Ahern* v. *Elder*, 195 N. Y. 493; *Admiral Realty Co.* v. *City of N. Y.*, 206 N. Y. 110; *People* v. *Damron*, 212 N. Y. 256; *Matter of McAneny* v. *Bd. of Estimate, etc.*, 232 N. Y. 377.) II. The Act should not be declared unconstitutional unless it appears beyond reasonable doubt that it is impossible to reconcile its provisions with the Constitution and that it amounts to a clear usurpation of prohibited power. (*Matter of Fay*, 291 N. Y. 198; *Matter of Ricker* v. *Village of Hempstead*, 290 N. Y. 1; *Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351.)

*Robert E. Whalen* and *M. Michel Dobris* for respondents. Section 17 of article III of the Constitution does not save the Act as a valid enactment. (*Kerrigan* v. *Force*, 68 N. Y. 381; *People ex rel.* v. *Newburgh, etc., Plank Road Co.*, 86 N. Y. 1; *Matter of Henneberger*, 155 N. Y. 420; *Greene* v. *Dunscomb*, 281 N. Y. 261; *Matter of Mayor, etc., of New York* [*Elm St.*], 246 N. Y. 72; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *People ex rel. Carter* v. *Rice*, 135 N. Y. 473; *People ex rel. W. E. & C. Co.* v. *Metz*, 193 N. Y. 148.)

LEHMAN, Ch. J. The plaintiffs, residents and taxpayers of the City of Albany, challenge the validity of chapter 206 of the Laws of 1944 entitled: " An act relating to jurors and commissioners of jurors in counties having a population of not less than two hundred thousand and not more than two hundred fifty thousand and containing a city with a population of one hundred twenty-five thousand or more." The Act purports to define the powers and duties of the Commissioner of Jurors in such counties and to regulate the manner of selecting jurors. It provides, among other things, that the Commissioner shall not place on the list of jurors " any person who has served as a trial or grand juror during the three years preceding the preparation of such list ". No county except the County of Albany contains a city with a population of 125,000 and has a population of not less than 200,000 and not more than

250,000, and at present the statute does not apply in any other county.

Article III, section 17 of the Constitution provides: " The legislature shall not pass a private or local bill in any of the following cases * * * Selecting, drawing, summoning or empaneling grand or petit jurors." Since the challenged Act does provide for " Selecting, drawing, summoning or empaneling grand or petit jurors " it is of course invalid if the bill is " local " within the meaning of that section of the Constitution. The plaintiff contends, and the court below has held, that the Act violates not only section 17 of article III, but also article IX, section 1-b of the Constitution. The appellants maintain that the latter section of the Constitution does not apply to bills in the " cases " specified in article III, section 17. We do not reach that question if the Act is " local " within the meaning of article III, section 17.

The intent of the restriction placed by that section of the Constitution upon the exercise of legislative power is plain. Other sections of the Constitution confer governmental powers upon local units of government within defined fields and regulate or even prohibit interference within those fields by the Legislature. (*City of New York* v. *Village of Lawrence,* 250 N. Y. 429.) Some of the matters specified in section 17 of article III are of State concern, and legislative power in relation to such matters may be vested exclusively in the Legislature, but the Constitution has imposed restrictions upon the manner in which that power may be exercised. Statutes relating to those matters may not confer benefits or impose burdens upon particular persons or localities named or designated therein, and exclude others perhaps in similar situation. Classification by the Legislature is not excluded *where the classification has reasonable relation to the subject,* but the classification must be based upon standards of general application to all persons or localities within a class created by the statute. The courts have in all cases applied that test where the validity of a statute, relating to any of these matters, has been challenged on the ground that it is a local not a general law, but the line dividing classification from designation is shadowy where identifying marks are many and particular.

*(Matter of Mayor, etc., of New York* [*Elm St.*], 246 N. Y. 72.)

This court has from the beginning recognized that a law relating to a matter of State concern and applicable to all municipal corporations or localities in a class based upon population or upon proximity to great centres of population may be a general law though only a single municipal corporation or locality can at the time receive its benefits. (*Matter of N. Y. Elevated R. R. Co.,* 70 N. Y. 327.) In commenting upon that decision this court said: " A law relating to particular persons or things *as a class* was said to be general; while one relating to particular persons or things *of a class* was deemed local and private " (*In the Matter of the Application of Church,* 92 N. Y. 1, 4). The court recognized in that case that it is difficult to define the test; at times it is more difficult to apply it. In *Matter of Henneberger* (155 N. Y. 420, 426, 429-30) the court analyzed the earlier cases where the court had been called upon to put a law on one side or the other of the line which separates a general act from a " local " act, and the court pointed out with respect to the section we are now considering, that " an act which embraces all things of a certain class, is a general and not a local act; although, by reason of some limitation based on population, or other condition, only a particular city, or the inhabitants of a single locality, can, at the time, receive its benefits " citing *Ferguson* v. *Ross et al.* (126 N. Y. 459); *Matter of Church* (92 N. Y. 1). The court, however, also pointed out that in the cases it analyzed, each challenged statute was made applicable to all municipal corporations or localities in a class and that class " was based on population, or some other condition, *which might be recognized as possibly common to a class, or which might permit of classification* " (italics are new), and the court added that " The classification of cities by population is an idea recently embodied in the Constitution, and good reasons exist why, in a general law, reference may be had to conditions of population, whether in counties, cities, towns or villages, or with respect to a proximity to cities of a certain growth." Though the court in *Matter of Henneberger (supra)* recognized that adherence to that rule might at times make possible legislative evasion of the command of the Constitution, it is said that we shall adhere to the rule that " an act embracing all things of a certain class is a general and not a local act," but it refused to extend

or apply the rule to a case where attempted " classification " is based on conditions " which cannot be recognized as common to a class " and have no reasonable relation to the subject. In such case there is in truth no " class " created but merely identifying marks of the locality or localities for which the Legislature is enacting a special law. Any other conclusion would, as the court pointed out, defeat the purpose of the constitutional provision by sanctioning the use of the device of formulating a statute in general terms, though even without extrinsic evidence the purpose was evident upon the face of the Act to designate a single locality and not to create a class based on conditions common to a class and germane to the subject of the Act.

The defendants do not contend that the challenged statute would be general if *in terms* it applied only to the County of Albany. They contend only that since the statute is *in terms* applicable to a class of counties based on population and since " good reasons exist why, in a general law, reference may be had to conditions of population whether in counties, cities, towns or villages " the Act is general and not local, though only the County of Albany can in the actual situation receive its benefits. That is true only if the conditions of population referred to may be " recognized as possibly common to a class, or which might permit of classification." In many cases since *Matter of Henneberger (supra)* beginning with *People* v. *Dunn* (157 N. Y. 528) this court has sustained classifications based on population though such statutes could at the time apply only to counties within the city of New York or to Erie County or to Monroe County. The court has recognized that classification may be reasonable which separates New York City, with its population of 6,000,000 and upwards, from all other cities of the State, or which places Erie County, containing the city of Buffalo, or Monroe County, containing the city of Rochester, in separate classes based on population. In all those cases it could be said that conditions due to difference in population might reasonably require differentiation in laws applicable there. We find it difficult, however, to discern in the circumstance that Albany County has a population of over 200,000 and less than 250,000 and contains a city with a population of over 125,000, any reasonable ground for the creation

of a separate class and the enactment of a statute regulating " Selecting, drawing, summoning or empaneling grand or petit jurors " applicable only to Albany County. No reason for such classification has been suggested to us, but we are told that we must assume that the Legislature based its classification on reasonable grounds unless it appears incontrovertibly that no such grounds exist. We assume in this case, as perhaps we must, that reason for the procedure formulated in the statute may be found in local conditions existing in Albany, but it cannot be argued that such local conditions are in any way related to the circumstance that Albany County has a population of more than 200,000 and less than 250,000 and contains a city with a population of 125,000. The Constitution forbids legislation to meet local conditions by " local " act, and the Act is local if the references to population in the Act serve only to identify the County of Albany where these local conditions are said to exist, and where alone the remedy is made applicable. Though we are told that in time Oneida County may also be included in the " class " based on population as described in the Act, there is no possible reason to believe that the local conditions which it is said may furnish reason for the legislation would then also exist in Oneida County. Change in rules for the selection of jurors intended to remedy conditions existing in one or more counties of the State must be made by general act applicable where such conditions exist, and not by the device of a statute in terms applicable to a " class " of counties defined solely by reference to population though the conditions intended to be remedied have no apparent relation to the basis of the classification. Otherwise little has been accomplished by the constitutional provision " beyond the addition of a phrase to the rigmarole of parchments ". (*Matter of Mayor, etc., of New York* [*Elm St.*], 246 N. Y., *supra* at p. 76.)

The judgment should be affirmed, with costs.

LEWIS, J. (dissenting). Chapter 206 of the Laws of 1944, entitled " An Act relating to jurors and commissioners of jurors * * * ", prescribes procedure by which are selected grand jurors (§ 8) and trial jurors (§ 4). " The jurors, when drawn, become a part of the court having governmental

duties to discharge." (*Matter of Allison* v. *Welde,* 172 N. Y. 421, 430.) The statute thus relates itself to important functions exercised as an incident to administering criminal law and the judicial process in this State. The fact that presently — but not necessarily in the future — only one county comes within the class specified in the Act is not enough to make the statute local in character. The Act is general because, in its terms and in its effect, it relates to a function of government which is a matter of State concern. It does not relate to the organization and government of counties but to one of the co-ordinate branches of government — an established state-wide judicial system. We know that " * * * the Legislature is unfettered as to ' matters of state concern ' ". (*Adler* v. *Deegan,* 251 N. Y. 467, 490.) As to those matters this court has said — " An act designed to remedy conditions affecting the public generally, though imposing restrictions or obligations upon a particular municipality as a means of affecting the larger purpose can hardly be said to be local in its effect." (*Robertson* v. *Zimmermann,* 268 N. Y. 52, 59; *Ferguson* v. *Ross et al.,* 126 N. Y. 459, 465; *People* v. *Dunn,* 157 N. Y. 528, 540–1.; *Matter of Ahern* v. *Elder,* 195 N. Y. 493, 500; *Admiral Realty Co.* v. *City of New York,* 206 N. Y. 110, 139–140; *Matter of McAneny* v. *Bd. of Estimate, etc.,* 232 N. Y. 377, 392–3.) These decisions made by this court when dealing with problems fairly to be compared with the one now before us have led me to conclude that the statute now challenged violates neither article III, section 17, nor article IX, section 1 (b), of the Constitution of this State. It is not " such a clear usurpation by the Legislature of prohibited power as must be found before a statute can be pronounced unconstitutional and void." (*Matter of Ricker* v. *Village of Hempstead,* 290 N. Y. 1, 5.)

Accordingly I dissent and vote for reversal and the dismissal of the complaint.

LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur with LEHMAN, Ch. J.; LEWIS, J., dissents in opinion.

Judgment affirmed.