WILLIAM L. CLAY et al., Plaintiffs, *v.* RICHARD L. SAUNDERS, as Commissioner of Jurors of Monroe County, Defendant.

Supreme Court, Special Term, Monroe County, January 24, 1945.

*William L. Clay* for plaintiffs.

*Harry Rosenberg* for defendant.

WHEELER, J. The plaintiffs, as taxpayers of Monroe County, have instituted this action to restrain the defendant as Commissioner of Jurors of the County of Monroe from the performance of his duties as such Commissioner as defined by chapter 346 of the Laws of 1897, as amended by chapter 871 of the Laws of 1928 and chapter 537 of the Laws of 1935.

Plaintiffs contend that the statute is unconstitutional and void, in that it proports to be a local bill for the selecting, drawing, summoning or empaneling of jurors in violation of section 17 of article III of the Constitution, and that it is a county law local or special in its terms or effect within the prohibition of subdivision (b) of section 1 of article IX of the Constitution.

The title of the statute as last amended (L. 1935, ch. 537, §1) reads: " An act creating the office of commissioner of jurors for each of the counties of the state of New York having a population of more than four hundred thousand and less than five hundred thousand." Section 1 of chapter 346 of the Laws of 1897 (as amd. by L. 1935, ch. 537, § 2) provides, " The office of commissioner of jurors is hereby created, for each county of the state having a population of more than four hundred thousand and less than five hundred thousand ". The following sections of the chapter relate to the appointment of the Commissioner, his salary and other administrative details in connection with the examination, selection and qualification of jurors.

Since the decision in this court in *People* v. *Schwartz* (Sup. Ct., Monroe Co., April 10, 1944, WHEELER, J.), in which the constitutionality of the statute was sustained, the Court of Appeals has rendered its decision in *Stapleton* v. *Pinckney* (293 N. Y. 330). In that case, it was held that a similar statute in effect applicable to the County of Albany only, and entitled " An Act relating to jurors and commissioners of jurors in counties having a population of not less than two hundred thousand and not more than two hundred fifty thousand and containing a city with a population of one hundred twenty-five

thousand or more ", was invalid as a " local jury law " and as a " local county law ".

The courts have found difficulty in laying down any definite rule by which the question of whether a law is local or general may be solved. It depends largely upon the special circumstances of the case. (*Matter of Henneberger,* 155 N. Y. 420.) The manifest purpose of the constitutional restrictions upon legislative power was to prevent the passage of local or private bills concerning the subjects enumerated, and to confine the power of the Legislature to the enactment of general statutes conducive to the welfare of the State as a whole.

Careful analysis of Judge LEHMAN's opinion in *Stapleton* v. *Pinckney* (*supra*) leads this court to the conclusion that the instant case is distinguishable.

It appears that the challenged statute is at the present time applicable to the county of Monroe only, that being the only county in the State which falls within the limits of population specified. However, the court in the *Stapleton* case (*supra,* p. 334) pointed out that the Court of Appeals from the beginning recognized " that a law relating to a matter of State concern applicable to all municipal corporations or localities in a class based upon population or upon proximity to great centers of population may be a general law though only a single municipal corporation or locality can at the time receive its benefits." (See, also, *Matter of N. Y. Elevated R. R. Co.,* 70 N. Y. 327.; *In the Matter of the Application of Church,* 92 N. Y. 1; *Ferguson* v. *Ross et al.,* 126 N. Y. 459.)

Judge LEHMAN cites with approval *Matter of Henneberger* (155 N. Y. 420, 426, *supra*). In that case the court stated: " While an act might be general, if it affected all towns of a class and that class was based on population, or some other condition, which might be recognized as possibly common to a class, or which might permit of classification; if it contained such added limitations as to restrict its operation as to what must always be, in the nature of the case, a very limited number of specified localities, if not, in fact, one, then it is local within the constitutional sense." However, the court in *Matter of Henneberger* (*supra*) refused to extend or apply the rule where the attempted classification was based on conditions " which cannot be recognized as common to a class." In that case the statute contained a combination of at least seven restrictions which could not be deemed common to a class, and served but to identify the particular locality.

Apparently the Court of Appeals in *Stapleton* v. *Pinckney* (*supra,* pp. 335–336) adopted the same reasoning and arrived at the same result, as appears from the following: " We find it difficult, however, to discern in the circumstance that Albany County has a population of over 200,000 and less than 250,000 and contains a city with a population of over 125,000, any reasonable ground for the creation of a separate class ".

Furthermore, Judge LEHMAN differentiates the Albany County statute in the following significant language (p. 335): " In many cases since *Matter of Henneberger* (*supra*)  *  *  *  this court has sustained classifications based on population though such statutes could at the time apply only to counties within the city of New York or to Erie County or to Monroe County. The court has recognized that classification may be reasonable which separates New York City  *  *  *  from all other cities of the State, or which places Erie County, containing the city of Buffalo, or Monroe County, containing the city of Rochester, in separate classes based on population." Unlike the Albany County statute in which " restriction is imposed upon restriction ", the statute here being considered relates to all counties of a class based upon population, and hence cannot be deemed local and in violation of the constitutional limitations.

Even if we were to assume that the statute is a local act, this motion for judgment on the pleadings must be denied for the reason that an issue of fact is presented, concerning the question of whether the bill was reported to the Legislature by commissioners or any public agency appointed by law to formulate the statute (N. Y. Const., art. III, § 21) or by request of the Board of Supervisors or other elective governing body of the county. (N. Y. Const., art. IX, § 1, subd. [b].). In accordance with the general rule, that every presumption is in favor of the constitutionality of a statute, the court will presume, in absence of evidence to the contrary, that the statute was in fact, so reported to the Legislature.

For the reasons herein stated, plaintiffs' motion must be denied.

Appropriate order may be submitted.