EDWARD C. FARRINGTON et al., Plaintiffs, *v.* ELIZABETH F. PINCKNEY, as Commissioner of Jurors of the County of Albany, et al., Defendants.

Supreme Court, Special Term, Ulster County, September 2, 1955.

*Harold E. Blodgett* for plaintiffs.

*Walter L. Collins, County Attorney of Albany County,* for defendants.

*Jacob K. Javits, Attorney-General (Henry S. Manley* of counsel), intervenor.

*Elmer M. Rasmussen, County Attorney of Rensselaer County, amicus curiæ.*

SCHIRICK, J. This is a taxpayers' action brought pursuant to section 51 of the General Municipal Law to restrain the defendants from putting into effect the provisions of chapter 305 of the Laws of 1954, as amended by chapter 864 of the Laws of 1955. The former establishes a uniform jury system for all counties of the State, exclusive of the City of New York. The amendment excludes " counties having a population of less than one hundred thousand which shall elect pursuant to section five hundred one of article sixteen of the judiciary law to come under the provisions of such article sixteen." The latter is substantially a re-enactment of the law as it existed prior to 1954.

It appears that there are but fifteen counties of the State, exclusive of New York City, which have a population of 100,000 or more. The mandatory application of the uniform jury system has, accordingly, been reduced by the 1955 amendment from fifty-seven to fifteen.

It is plaintiffs' contention that, as so amended, the law runs afoul of the prohibition contained in section 17 of article III and subdivision (b) of section 1 of article IX of the Constitution of the State of New York. Section 17 of article III reads as follows: " The legislature shall not pass a private or local bill in any of the following cases:  *  *  *  Selecting, drawing, summoning or empaneling grand or petit jurors.  *  *  *  The legislature shall pass general laws providing for the cases enumerated in this section ". Subdivision (b) of section 1 of

article IX provides in part: " The legislature shall provide by law for the organization and government of counties.  No law which shall be special or local in its terms or in its effect, or which shall relate specially to one county only, shall be enacted by the legislature unless (a) upon the request of the board of supervisors or other elective governing body of each county to be affected, or, in any county having an alternative form of government providing for an elective county executive officer, upon the request of the board of supervisors  *  *  *  with the concurrence of such executive officer of each county to be affected;  *  *  *  or (b) upon a certificate of necessity by the governor to the legislature reciting the facts of such necessity existing in the county to be affected and the concurrence of two-thirds of the members elected to each house of the legislature."

Both constitutional provisions present a single legal issue and that is whether the enactment is general or local in its terms and in its effect.  The difficulty of laying down any definite rule to resolve such issue has long been judicially recognized.  (See *Matter of Henneberger,* 155 N. Y. 420, 425, and *Stapleton* v. *Pinckney,* 293 N. Y. 330, 334.)

The power of the Legislature to make classifications is beyond dispute.  Classification may be, and frequently has been made upon the basis of population.  This is not prohibited although only a single municipal corporation or locality may at any given time be affected thereby.  (*Matter of New York Elevated R. R. Co.,* 70 N. Y. 327; *Ferguson* v. *Ross,* 126 N. Y. 459.)  The classification must, however, be " based on population, or some other condition, which might be recognized as possibly common to a class, or which might permit of classification ".  (*Matter of Henneberger, supra,* p. 426.)

What the Constitution proscribes is designation masking as classification.  The identifying tokens may not be " so many and particular that classification would find an end and designation a beginning ".  The question needs always be asked " whether the conditions are so circumscribed and narrow that the class subjected to the statute is one in name and nothing else.  If the class in its formation is so unnatural and wayward that only by the rarest coincidence can the range of its extension include more than one locality, and at best but two or three, the act so hedged and circumscribed is local in effect." (*Matter of Mayor* [*Elm St.*], 246 N. Y. 72, 76, 77, 79.)

The cases wherein a purported classification has been struck down as repugnant to the constitutional limitations have uniformly presented enactments where language general in its terms has been used to cloak the designation of a particular locality and situation.

In *Matter of Henneberger* (*supra,* p. 424), the statute (L. 1897, ch. 286) provided for the condemnation of real property for the improvement of highways in any town " having a total population of eight thousand or more inhabitants and containing an incorporated village having a total population of not less than eight thousand and not more than fifteen thousand inhabitants, except in the county of Madison, * * * on any highway, which extends within the limits of such town and without the limits of such incorporated village for a distance of at least two and one-half miles ". The court found (p. 427) in such statute " a very remarkable combination of restrictions and such as, if not, by the process of exclusion, serving to identify the particular part of the state to be affected by the law, certainly, very markedly localize its operation." The enumeration of restrictions in the statute, in the words of the court, " is not only pretty extensive, but very peculiar, and the most casual view suggests a local rather than a general operation for the law. * * * The exception of the county of Madison singularly emphasizes an intention to guard against a possible general operation of the act."

*Matter of Mayor* (*Elm St.*), (*supra,* pp. 74–75) concerned a statute (L. 1925, ch. 602) which was designed to permit American Express Company to collect a condemnation award which had been barred by the Statute of Limitations. The enactment read as follows: " Where an award for damages has been made and confirmed by the Supreme Court in condemnation proceedings to acquire title in fee to real property for the purpose of opening, widening or extending a street in any city and said award has not been paid, but within one year last past has been adjudged by the courts of this state to have been barred by any statute of limitations, a claim for the payment of such award may be again presented and settled and paid, or if not so settled and paid may again be prosecuted and enforced by an action or proceeding in the courts of this state in the same manner as if the same had not been barred by any statute of limitations, and notwithstanding the fact the same was heretofore barred by such statute, provided that such claim be again presented to the proper officer of the city and paid within six months, or if not so settled and paid that an action or proceeding

be commenced thereon within one year from the date of the passage of this act." In condemning such statute the court said (pp. 77–78): " We close our eyes to realities if we do not see in this act the marks of legislation that is special and local in terms and in effect. This group of conditions so unusual and particular is precisely fitted to the claimant's case, and only by a most singular coincidence could be fitted to any other. If we may not say of such a coincidence that it is literally impossible, at least we may say that one would be surprising, and several would be marvelous."

*Stapleton* v. *Pinckney* (293 N. Y. 330, *supra*), involved a statute (L. 1944, ch. 206) which prescribed a jury system " in counties having a population of not less than two hundred thousand and not more than two hundred fifty thousand and containing a city with a population of one hundred twenty-five thousand or more ". Albany was the only county which met such test. The court stated (p. 333): " Classification by the Legislature is not excluded *where the classification has reasonable relation to the subject,* but the classification must be based upon standards of general application to all persons or localities within a class created by the statute." In the opinion of the court, the identifying marks in the statute before it were so many and particular as to cross the line which divides classification from designation. The court (*supra,* pp. 335–336) found it difficult " to discern in the circumstance that Albany County has a population of over 200,000 and less than 250,000 and contains a city with a population of over 125,000, any reasonable ground for the creation of a separate class " and the enactment of a statute regulating jurors and applicable only to Albany County.

To the same effect is *Greene* v. *Dunscomb* (281 N. Y. 261).

Even the foregoing cases recognize, however, the general validity of distinction based upon density of population. In the *Henneberger case* (155 N. Y. 420, 429–430, *supra*) such recognition was expressed in the following language: " In so far as acts have been made, by their terms, applicable to counties, cities, towns or villages, according to their limits of population; or to the cases of counties or towns, which adjoin cities of a certain population, although, by strict construction, they might be deemed to contravene the section of the Constitution, they will be saved from condemnation by the rule of construction, which determines their validity as general laws upon a consideration of the special circumstances and declines to view them as only local, because by reason of a limitation based on popula-

tion, or some condition having reference to population, but one locality, apparently, may, actually, receive their benefits. The classification of cities by population is an idea recently embodied in the Constitution, and good reasons exist why, in a general law, reference may be had to conditions of population, whether in counties, cities, towns or villages, or with respect to a proximity to cities of a certain growth."

In the *Stapleton* case (293 N. Y. 330, 334, *supra*) the foregoing language is cited and the court states: " This court has from the beginning recognized that a law relating to a matter of State concern and applicable to all municipal corporations or localities in a class based upon population or upon proximity to great centres of population may be a general law though only a single municipal corporation or locality can at the time receive its benefits."

One year after the *Stapleton* decision this court had occasion to pass upon the validity of a statute (L. 1935, ch. 537, amdg. L. 1897, ch. 346) which pertained to jurors and commissioners of jurors in counties having a population of more than 400,000 and less than 500,000. While the statute at the time of its enactment could apply only to Monroe County, its validity was upheld. The court found no purpose therein to single out a particular county. Since it " relates to all counties of a class based upon population, * * * [it] can not be deemed local and in violation of the constitutional limitations." (*Clay* v. *Saunders,* 184 Misc. 143, 146.)

In no case to which the attention of the court has been directed has a statute been outlawed whose language and class created therein have been of such broad generality as in the legislation now under attack, nor one which has created a class admitting of as many as fifteen members. It is not possible to perceive in the present legislation a purpose to single out the fifteen counties, or any one of them, for special treatment, favorable or unfavorable. Plaintiffs, in fact, make no such contention. There is no designation here masking as classification. It cannot be said of the legislation now in question, as was said by CARDOZO, Ch. J., in *Matter of Mayor* (*Elm St.*), (246 N. Y. 72, 79, *supra*) : " A misshapen congeries of accidents has been made to masquerade under the semblance of a class."

Differentiation in the treatment of municipal corporations according to their population is consonant with our history and traditions. There are many reasons for so doing, and their differing financial capacities furnish but one of them. The Legislature has not stated the reasons which motivated it to

exclude the smaller counties from the mandatory operation of the uniform jury law. Whatever its personal preference, this court may not say that such reasons do not exist. The wisdom of the statute is not a subject of judicial concern.

It is the conclusion of the court that the legislation as now in force does not contravene constitutional limitations.

The complaint is dismissed.