Mario Pittoni, J.
Plaintiff, an incorporated village, and defendant, the town in which the village is located, both seek an *30 adjudication of their authority to exercise zoning powers within the corporate limits of the plaintiff village. Each seeks, in addition, an injunction against the exercise of such powers by the other within the village. Each now moves for summary judgment based upon their pleadings and a stipulation of fact.
The area now within the corporate limits of the village was a portion of the unincorporated area of the town prior to and on January 1, 1938, and also until the village was incorporated on June 21, 1962, pursuant to article 2 of the Village Law.
Section 175 of article VI-A of the Village Law and section 261 of article 16 of the Town Law give the villages of the State exclusive power to exercise their zoning powers within the incorporated areas of the villages; the towns are limited to the regulation of zoning within town territory “ provided that such regulations shall apply to and affect only such part of a town as is outside the limits of any incorporated village or city ’ \
However, the so-called alternative form of County Government Law (L. 1936, ch. 879)*, which became effective in Nassau County on January 1, 1938, provides in sections 1606 and 1607 that the towns in Nassau County shall exercise exclusive zoning jurisdiction within all portions of the town which were unincorporated as villages on January 1, 1938, irrespective of the incorporation of the area after that date.
I
The village contends that sections 1606 and 1607 of the Charter are local laws within the prohibition of section 18 of article III (now § 17) of the New York Constitution, in respect to “ Incorporating villages ”.
Section 2601 of the Charter provides in part as follows: “ This act provides an alternative form of government, in accordance with the provisions of section twenty-six of article three of the constitution of this state, for counties * * * which shall have, at the time of the adoption of such alternative form of government therein, a population of not less than three hundred thousand nor more than four hundred thousand, and not in excess of three towns ’ ’.
No county in the State of New York, other than Nassau County, could or can ever meet these standards without further action by the State Legislature. Annexed to the stipulation of facts is a tabulation of all the counties of the State showing the number of towns within each county and the population of each *31 county according to the census taken in the years 1930,1940 and 1960. There is no county, except Nassau, with less than 5 towns. Most have more than 10 towns and several have more than 30 towns. The population of the two counties with 5 towns is so far helow 300,000 that it is doubtful that the minimum population qualification will ever be met. Thus, no county, except Nassau, can or could avail itself of the Charter of 1936 unless the State Legislature dissolved the towns therein to include three towns or less.
A reading of section 2601 and the stipulated facts establish that no county but Nassau could qualify under that section, and prove that sections 1606 and 1607 are local laws, in violation of section 18 of article III of the Constitution (now § 17) (Stapleton v. Pinckney, 293 N. Y. 330, 333, 335, 336; cf. Farrington v. Pinckney, 1 N Y 2d 74; but, cf., Matter of Burke v. Krug, 161 Misc. 687, affd. 272 N. Y. 575; Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 395).
In the Stapleton case there was an attempt to disguise a local law with the appearance of a general statute in the following language: “An act relating to jurors and commissioners of jurors in counties having a population of not less than two hundred thousand and not more than two hundred fifty thousand and containing a city with a population of one hundred twenty-five thousand or more.”
It was held that, without question, the statute could apply only to the County of Albany, and that it was invalid as a local law in violation of the constitutional prohibition. The court stated in part (pp. 333, 335-336) as follows:
“ Classification by the Legislature is not excluded where the classification has reasonable relation to the subject, but the classification must be based upon standards of general application to all persons or localities within a class created by the statute. * * #
“ The court has recognized that classification may be reasonable which separates New York City, with its population of 6,000,000 and upwards, from all other cities of the State, or which places Erie 'County, containing the city of Buffalo, or Monroe County, containing, the city of Rochester, in separate classes based on population. In all those cases it could be said that conditions due to difference in population might reasonably require differentiation in laws applicable there. We find it difficult, however, to discern in the circumstance that Albany County has a population of over 200,000 and less than 250,000 and contains a city with a population of over 125,000, any reasonable ground for the creation of a separate class and the enact *32 ment of a statute regulating ‘ Selecting, drawing, summoning or empaneling grand or petit jurors’ applicable only to Albany County. No reason for such classification has been suggested to us ”. (Italics supplied.)
I find it difficult to discern in the circumstances of the present case that since Nassau County in 1936 had a population of over 300,000 and less than 400,000, and contained three towns, that there was any reasonable ground for the creation of a separate class by local law and the enactment of a separate statute which permitted only towns in Nassau County to enter and regulate zoning within incorporated villages, contrary to article VI-A of the Village Law, and article 16 of the Town Law, which did, and still do, limit town zoning jurisdiction to areas outside the limits of any incorporated village.
In Farrington v. Pinckney (1 N Y 2d 74, 80, 81), the court said: “ In order to be deemed general, unless the act applies to all places in the State (e.g., all the counties), it must create a class. The class constructed by the act may be based on population, and will be upheld, if conditions, because of such population, can be recognised as possibly common to a class and are reasonably related to the subject of the statute. Separate classes based on population are permissible where conditions due to differences in population might reasonably require differentiation in laws applicable to them. However, where the reference to population serves only to designate and identify the place to be affected, it will be deemed a local act. In the latter situation, the purported class would be one in name only — a local law masquerading as general.” (Italics supplied.)
Nowhere has it been shown that the restrictive classification in the present case, based upon a narrow standard of population numbers and three towns or less, has any reasonable relationship to the subject matter of sections 1606 and 1607. Nor has it been shown that any class created by section 2601 on the basis of population has conditions common to any class and thus requires differentiation. Here reference to population and number of towns in section 2601 serves only to designate and identify the place to be affected, and this makes sections 1606 and 1607 local laws.
The town relies on Matter of Burke v. Krug (161 Misc. 687, affd. 272 N. Y. 575, supra) as authority that the sections under attack are not local laws. However, the Court of Appeals was faced with a matter to be voted on Election Day, with the usual haste involved in such matters, and affirmed without opinion. Also, it was decided before the Stapleton case. Furthermore, the question whether the bill was private, local or otherwise was *33 not essential to a determination and it cannot be discerned, therefore, whether it adopted the Special Term statement that the bill was general. Then, too, the petitioner in the Burke case attacked the whole Charter, the whole new form of government, instead of, as in the instant case, specific sections as they affect “ incorporating villages ”. In this respect Special Term in the Burke case said (p. 695): “ Moreover, should the new form of government be adopted, a subsequent adjudication that any particular feature thereof was unconstitutional would not necessarily stamp the entire comprehensive scheme of government with illegality ”. Special Term thus held that in approving the whole Charter as a new form of government for Nassau County, it was not, therefore, holding constitutional each and every specific section thereof.
The village also argues that as to villages incorporated under the general Village Law, the words “ Incorporating villages ”, as used in the Constitution (art. III, § 18) refer to and include not only the original incorporation, but the subsequent existence of a village, and that any legislation which affects or abridges the powers and obligation of villages pursuant to the Village Law must apply to all villages, and may not be by local law. This position is well taken (Abell v. Clarkson, 237 N. Y. 85; Matter of Cutler v. Herman, 3 N Y 2d 334, 339). In the Cutler case the court stated as follows: ‘ ‘ The constitutional prohibition against local laws ‘ Incorporating villages ’, we have held, was intended to ‘ cover not only the original incorporation but the subsequent existence of villages ’ (Abell v. Clarkson, 237 N. Y. 85, 87). In that case, we concluded that the Village Law formed the charter of all villages organized under it, and that the constitutional purpose was to provide a uniform charter for all such villages which, at least in its basic provisions, should not be amended by local law (see, also, Magrum v. Village of Williamsville, 241 App. Div. 55).”
The right to zone granted under section 175 of article VI-A of the Village Law, is one of the basic powers of incorporated villages. It is so basic that section 261 of article 16 of the Town Law specifically states that a town’s zoning regulations “ affect only such part of a town as is outside the limits of any incorporated village ”.
An incorporated village, such as plaintiff village (which, incidentally, was incorporated over the strenuous objections by the town and only after long and involved litigation) could, by legislation such as sections 1606 and 1607, be so devitalized and deprived of its village powers as to lose its actual existence as an incorporated village and to become one in name only, a mere *34 shell. This would violate the charter for all villages, the Village Law, and the present section 17 of article III of the Constitution (Abell v. Clarkson, 237 N. Y. 85, supra).
Thus, the provisions of sections 1606 and 1607, which purport to deprive the village and all Nassau villages incorporated after January 1,1938 of zoning powers, within their corporate limits, constitute local legislation “ Incorporating villages ” within the meaning and in violation of section 18 of article III (now § 17) of the Constitution, and are invalid.
II
The town contends that the Charter was adopted pursuant to section 2 of article IX (now § 1) of the Constitution, which stated that any such form of government (meaning the alternative or charter form of government, as the one here involved) could provide “for the transfer of any * * * functions and duties of the county and the cities, towns, villages, districts, and other units of government * * * to each other * * * without regard to * * * any other provisions of this Constitution inconsistent herewith ”. Section 2 of article IX of the Constitution became effective January 1, 1939, one year after the alternative County Government Law became the Nassau County Charter, that is, on January 1, 1938. However, the prior similar provision of the Constitution (art. III, § 26, subd. 2) in effect when the alternative County Government Law was passed, and when it later became the Nassau County Charter, was followed by subdivision 4, which stated that after adoption of the Charter by a county, pursuant to subdivision 2, ‘ ‘ the legislature shall not pass any law relating to the property, affairs of government of any such county, which shall be special or local either in its terms or in its effect, but shall act * * * only by general laws which shall * * * apply alike to all such counties ”. Even if article IX of the 1938 Constitution were applicable, that too contains a prohibition against these local laws, and to enact a local law for certain special circumstances, both the older section 26 of article III and the later subdivision (b) of section 1 of article IX require a request by the Board of Supervisors of the county or a certificate of necessity by the Governor.
The town cannot reasonably contend that in subdivision (a) of section 1 of article IX, local laws are prohibited and that in subdivision (b) of section 2 of the same article they are permitted. All that subdivision (b) of section 2 can mean is that its provisions prevail over other specific provisions inconsistent *35 therewith, and not over the basic principle against the enactment of local laws found in subdivision (a) of section 1.
Furthermore, throughout all the provisions involved there is not a single statement saying that such legislation may be by local law. The whole tenor is definitely to the contrary.
In short, constitutional section 2 of article IX (formerly art. III, § 26) merely authorized transfers of functions and duties among the various municipalities, regardless of other specific provisions in the State Constitution inconsistent therewith, but did not authorize anything by local law.
Sections 1606 and 1607 of the Charter are unconstitutional and invalid.
This decision pertains to sections 1606 and 1607 which are severable from the rest of the Charter, and shall not and does not affect the validity of the other provisions of the Charter (§ 2606 of the so-called alternative form of County Government Law; L. 1936, ch. 879).
Plaintiff village has the authority to exercise zoning powers within its corporate limits. The town has not. Therefore, the village’s motion for summary judgment is granted, and the town is enjoined from exercising zoning powers within the corporate limits of the village. The town’s motion for summary judgment is denied.

 Generally called the Nassau County Government Law or the Nassau County Charter, and hereinafter sometimes called “the Nassau County Charter” or “ Charter ”,